UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARRY AMADOU OURY (A-246-758-435),

Petitioner,

v.

WARDEN OF THE MESA VERDE DETENTIONFACILITY,

Respondent.

No.  1:26-cv-1630 DJC CSK

FINDINGS & RECOMMENDATIONS

Petitioner is a former immigration detainee who filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.  (ECF No. 1.)  Respondent's motion to dismiss is before the Court.  As discussed below, the Court recommends that this action be dismissed as moot.

I.      BACKGROUND

Petitioner filed his petition for writ of habeas corpus on February 26, 2026.  (ECF No. 1.) Petitioner alleged he was unlawfully detained in August 2025 without a hearing, and contended his prolonged detention violated his due process rights under the Fifth Amendment.  (Id.)  On March 12, 2026, in response to this Court's briefing order, respondent filed a motion to dismiss. The Court record reflects that three recent court filings mailed to petitioner have been returned by the post office marked "undeliverable."  (See Docket.)  Petitioner has not filed an opposition or otherwise responded to respondent's motion to dismiss.  (Id.)

1

## II.   DISCUSSION

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

Here, petitioner challenges his prolonged detention. (ECF No. 1.) Respondent argues that the petition is now moot because petitioner was removed to Guinea and petitioner's detention has ended. (ECF No. 8.) On February 11, 2025, petitioner was issued a removal order by an immigration judge. (ECF No. 8-1.) The removal order became administratively final on December 23, 2025, when the Board of Immigration Appeals affirmed the denial of petitioner's request for asylum and dismissed petitioner's appeal. (ECF No. 8-2.) On March 8, 2026, petitioner was removed from the United States to Guinea. (ECF No. 8-3 at 2.) Because petitioner is no longer in ICE custody, the Court finds that the petition is moot. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (habeas petition challenging length of immigration detention moot because "there was no extant controversy for the district court to act upon" due to petitioner's subsequent deportation, "curing his complaints about the length of his . . . detention"). In light of petitioner's deportation, the Court recommends that respondent's motion to dismiss be granted, and this action be dismissed.

## III.   CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Respondent's motion to dismiss (ECF No. 8) be granted.

2.  The petition for writ of habeas corpus be dismissed.

3.  The Clerk of the Court be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 27, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/oury1630.157.2241.imm.moot